**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Noelle Fluke, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 8653 |
| | ) | |
| NCO Financial Systems, Inc., a | ) | |
| Pennsylvania corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Noelle Fluke, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3.     Plaintiff, Noelle Fluke ("Fluke"), is a citizen of the State of New Jersey, from whom Defendant attempted to collect a delinquent consumer, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, NCO Financial Systems, Inc., ("NCO"), is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From its offices in Illinois, and 31 other states, as well as 11 foreign countries, Defendant NCO operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois.  In fact, Defendant NCO was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant NCO is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, NCO conducts business in Illinois.

6.      Moreover, Defendant NCO is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NCO acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7.      Ms. Fluke is a disabled woman, with limited assets and income, who fell behind on paying her bills.  When NCO began trying to collect a debt from Ms. Fluke, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant NCO's collection actions.

8.      Accordingly, on September 29, 2011, one of Ms. Fluke's attorneys at LASPD informed NCO, in writing, that Ms. Fluke was represented by counsel, and directed NCO to cease contacting her, and to cease all further collection activities

2

because Ms. Fluke was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit C. Moreover, on September 30, 2011, LASPD called and confirmed with NCO's debt collector, "Maria Caamano", that it had received this letter.

9. Nonetheless, Defendant NCO continued to call Ms. Fluke directly, in an attempt to collect the debt from her, including, but not limited to, telephone calls on September 30, 2011 and October 3, 2011, from phone number 800-711-0454.

10. Accordingly, on October 19, 2011, one of Ms. Fluke's LASPD attorneys had to write to Defendant NCO again to demand that it cease communications and cease collection of the debts. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Undeterred, Defendant NCO called Ms. Fluke, including, but not limited to a call on October 20, 2011.

12. Defendant NCO's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant NCO's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  <u>See</u>, 15 U.S.C. § 1692c(c).

16.     Here, the letters (Exhibits <u>C</u> and <u>D</u>) from Ms. Fluke's, agent/attorney, LASPD, told Defendant NCO to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendant NCO violated § 1692c(c) of the FDCPA.

17.     Defendant NCO's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

20.     Defendant NCO knew that Ms. Fluke was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibits <u>C</u> and <u>D</u>), that she was represented by counsel, and had directed Defendant NCO to cease directly communicating with her.  By directly calling Ms. Fluke, despite being advised that she was represented by counsel, Defendant NCO violated § 1692c (a)(2) of the FDCPA.

4

21.     Defendant NCO's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Noelle Fluke, prays that this Court:

1.     Find that Defendant NCO's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Fluke, and against Defendant NCO, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Noelle Fluke, demands trial by jury.

Noelle Fluke,

By: <u>/s/ David J. Philipps</u>
One of Plaintiff's Attorneys

Dated:  December 6, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com